UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MELISSA FERRINGTON and CHERYL SCHMIDT,<br><br>                 Plaintiffs,<br>  v.<br><br>McAFEE, INC., and ARPU, INC.<br><br>                 Defendants. | Case No.: 10-CV-01455-LHK<br>and related case 11-CV-0721-LHK<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

      Plaintiffs in these related actions, Melissa Ferrington, Cheryl Schmidt, Christopher Bennett, Christi Hall, and Ken Pochis ("Plaintiffs") have made a motion for an order finally approving the Settlement Agreement ("Agreement") entered into between Plaintiffs and Defendants McAfee, Inc., Arpu, Inc., d/b/a TryandBuy.com., and Iolo Technologies, LLC (collectively, "Defendants"). Defendants have filed papers in support of that motion; the said motion and any objections to the settlement came on for hearing before the above-entitled Court; the Court has reviewed and considered all documents, evidence and arguments of counsel presented in support of said motion and in support of and response to any objections; the Court being fully advised of the premises and good cause appearing therefor, the Court finds and orders as follows:

1   The Court has jurisdiction over the subject matter of these Actions and all parties to these Actions, including all members of the Plaintiff Settlement Class as defined in the Conditional Class Certification Order and Section 2.26 of the Settlement Agreement ("Agreement") previously filed in these Actions.

The Agreement and the settlement set forth therein are found and determined to be fair, reasonable and adequate, in the best interests of the Plaintiff Settlement Class and are hereby approved and ordered performed by all parties to the Agreement.

The Court has determined that the notice given to the Plaintiff Settlement Class fully and accurately informed the Plaintiff Settlement Class of all material elements of the proposed settlement and constituted the best practicable notice to all members of the Plaintiff Settlement Class and fully meets the requirements of Federal Rule of Civil Procedure 23 and all applicable constitutional requirements.

Immediately upon entry of this Final Approval Order and Judgment, the Second Amended Complaint in the Ferrington Action and the Complaint in the Pochis action shall be dismissed in their entirety on the merits and with prejudice. This dismissal shall be without costs to any party, except as specifically provided in the Agreement.

This Final Approval Order and Judgment applies to all claims or causes of action settled under the terms of the Agreement, and shall be fully binding with respect to all members of the Plaintiff Settlement Class who did not properly request exclusion. The persons who filed timely and valid requests for exclusion from the Plaintiff Settlement Class and who therefore are not bound by this Final Approval Order and Judgment are set forth in Exhibit 1 attached hereto.

This Final Approval Order and Judgment is a final, appealable judgment within the meaning and for purposes of Federal Rules of Civil Procedure 54 and 58, and is the Order referenced in Section 8.3 of the Agreement.

The Court adjudges that the Plaintiffs have released, and all members of the Plaintiff Settlement Class who did not properly request exclusion shall be deemed to have released, claims as set forth in the Agreement and are barred and permanently enjoined from asserting, instituting, or

prosecuting, either directly or indirectly, any claims settled under the terms of the Agreement, which they ever had, or now have, to the extent provided in the Agreement.

The Court adjudges that all of Defendants' claims shall conclusively be deemed to be released and discharged as to the Plaintiffs, to the extent provided in the Agreement.
Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over:  (1) the implementation and enforcement of the Agreement until each and every act agreed to be performed by the parties to the Agreement shall have been performed; (2) any other action necessary to conclude this settlement and to implement the Agreement; and (3) the enforcement, construction and interpretation of the Agreement.

This Final Approval Order and Judgment does not constitute an expression by the Court of: (1) any opinion, position or determination as to the merit or lack of merit of any of the claims and/or defenses of the Plaintiffs, the Plaintiff Settlement Class, or Defendants; or (2) the propriety of certification of the Plaintiff Settlement Class for any purpose other than this settlement.  Neither this Final Approval Order and Judgment, nor the Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Defendants or be offered or received in evidence as an admission, concession, presumption, or inference against Defendants for any purpose whatsoever other than in such proceedings as may be necessary to consummate or enforce the Agreement.

The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment.  Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment pursuant to Federal Rule of Civil Procedure 58.

Pursuant to the Court's concurrently filed Order regarding Attorney's Fees, counsel for plaintiffs are awarded costs and attorney's fees as fair and reasonable compensation for their work in connection with the Litigation, in the following amounts:  The Court awards $350,000 to counsel for plaintiffs in the Ferrington action and $105,000 to counsel for plaintiffs in the Pochis action.  Defendants shall pay these amounts in the proportions and as set forth in Section VII of the Agreement.  As discussed at the June 20, 2013 Final Approval Hearing, Defendants shall make their payments to Cohen Milstein Sellers & Toll PLLC who will distribute the funds to class counsel.

Plaintiffs Ferrington, Schmidt, and Pochis are awarded incentive awards in the amount of $500 each, and Plaintiffs Bennett and Hall are awarded incentive awards in the amount of $250 each, as fair and reasonable compensation for their services as class representatives, such amounts to be paid as set forth in the Agreement.

The Clerk shall close the files in 10-CV-1455 and 11-CV-0721.

**IT IS SO ORDERED.**

Dated:  July 22, 2013

*Lucy H. Koh*

Hon. Lucy H. Koh
United States District Judge