1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 11 MELISSA FERRINGTON and CHERYL SCHMIDT, | Case No.: 10-CV-01455-LHK and related case 11-CV-0721-LHK |
| 12 | |
| 13 Plaintiffs, v. | **CLASS ACTION** |
| 14 McAFEE, INC., and ARPU, INC., | **ORDER DENYING MOTION TO SEAL** |
| 15 Defendants. | |
| 16 | |

17        Before the Court is Plaintiff Ken Pochis' ("Pochis") Administrative Motion to Seal: (1)

18   Exhibit A to the Declaration of James R. Patterson Unopposed Motion for Attorneys' Fees, Costs

19   and Incentive Award, and (2) Exhibit A to the Declaration of Gene J. Stonebarger In Support Of

20   Plaintiff Pochis' Unopposed Motion for Attorneys' Fees, Costs and Incentive Award.  ECF No. 155

21   ("Motion to Seal").  For the reasons set forth below, Pochis' Motion to Seal is DENIED.

22   **I.        LEGAL STANDARD**

23        Courts have recognized a "general right to inspect and copy public records and documents,

24   including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 &

25   n.7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption

26   in favor of access' is the starting point.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172,

27   1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

28

2003)).  In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure.  *See id.* at 1178-79.  Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'"  *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).  Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing.  *See id.* at 1178.  The Ninth Circuit has explained that "compelling reasons" that justify sealing court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret."  *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  By contrast, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

Even under the "good cause" standard of Rule 26(c), however, a party must make a "particularized showing" with respect to any individual document in order to justify sealing the relevant document.  *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

## II.     ANALYSIS

In the present case, Plaintiff Ken Pochis ("Pochis") seeks to seal: (1) Exhibit A to the Declaration of James R. Patterson, and (2) Exhibit A to the Declaration of Gene J. Stonebarger.  Both

2

1  exhibits reflect counsel's billing records, including hours worked, hourly rates (for attorney's at the

2  Stonebarger Law firm), and descriptions of the work performed.  In support of his sealing request,

3  Pochis' states that:

> The foregoing documents are Plaintiff Pochis' counsel's detailed billing records,
> detailing the time spent in prosecuting this action to date.  "Under Ninth Circuit
> authority, 'attorney-client privilege embraces attorney time, records and statements
> to the extent that they reveal litigation strategy and the nature of the services
> provided.'"  *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, 2013 U.S. Dist.
> LEXIS 26241, at *4 (N.D. Cal. Feb. 26, 2013) (citing *Real v. Cont'l Group, Inc.*,
> 116 F.R.D. 211, 213 (N.D. Cal. 1986).  The attached billing records reveal the
> litigation strategy used and the nature of the services provided in this action to date.
> Accordingly, to preserve the attorney-client privilege, the foregoing documents
> must be filed under seal.

10  ECF No. 155 at 2.

11         The Court is not persuaded that Pochis' counsel's billing records are sealable under either the

12  good cause or the compelling reason standard.  Pochis has not explained how Pochis' disclosure of

13  the hours expended by counsel and counsel's hourly rates is likely to reveal Pochis' litigation

14  strategy.  Indeed, the hourly rates for Pochis' attorneys are reflected in the Patterson and Stonebarger

15  Declarations, which Pochis is not seeking to seal.  Moreover, in *Travelers*, the case relied upon by

16  Pochis, the court refused to seal counsel's hourly rates and fee arrangement.  *See id.*, 11-3638-SC,

17  2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013) (holding that "the number of hours billed, the

18  parties' fee arrangement, costs and total fees paid do not constitute privileged information").

19  Furthermore, with respect to Pochis' requests to seal the descriptions of the work performed, Pochis

20  has failed to identify with particularity which portions of the descriptions are likely to reveal

21  litigation strategy.  *See Kamakana*, 447 F.3d at 1180 (holding that, even under a "good cause"

22  standard, a party must make a "particularized showing" as to why information should be sealed).

23  The Court has reviewed counsel's descriptions, and none of these descriptions reveal confidential

24  litigation strategy.  *See, e.g.*, Patterson Decl., Ex. A at 7 ("Email from Friedman; confer re: class

25  representative enhancements; emails.").  Accordingly, the Court finds that Pochis has not articulated

26  a sufficient basis, under either the good cause or the compelling reason standard, for sealing Pochis'

27  counsel's billing records.

28         The Court therefore DENIES the Motion to Seal.  Moreover, because Pochis is unlikely to be

3

able to articulate a sufficient basis for sealing these billing records, this denial is with prejudice.  By July 29, 2013, Pochis shall file un-redacted copies of: (1) Exhibit A to the Patterson Declaration, and (2) Exhibit A to the Stonebarger Declaration.

**IT IS SO ORDERED.**

Dated:  July 22, 2013

_Lucy H. Koh_

Hon. Lucy H. Koh
United States District Judge