<div style="text-align:center">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

</div>

| | |
|---|---|
| MELISSA FERRINGTON and CHERYL SCHMIDT,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br>McAFEE, INC., and ARPU, INC.,<br>　　　　　　　　Defendants. | Case No.: 10-CV-01455-LHK<br>and related case 11-CV-0721-LHK<br><br>**CLASS ACTION**<br><br>**ORDER DENYING MOTION TO SEAL** |

Before the Court is Plaintiff Ken Pochis' ("Pochis") Administrative Motion to Seal: (1) Exhibit A to the Declaration of James R. Patterson Unopposed Motion for Attorneys' Fees, Costs and Incentive Award, and (2) Exhibit A to the Declaration of Gene J. Stonebarger In Support Of Plaintiff Pochis' Unopposed Motion for Attorneys' Fees, Costs and Incentive Award. ECF No. 155 ("Motion to Seal"). For the reasons set forth below, Pochis' Motion to Seal is DENIED.

**I.    LEGAL STANDARD**

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

1  2003)).  In order to overcome this strong presumption, a party seeking to seal a judicial record must
2  articulate justifications for sealing that outweigh the public policies favoring disclosure.  *See id.* at
3  1178-79.  Because the public's interest in non-dispositive motions is relatively low, a party seeking to
4  seal a document attached to a non-dispositive motion need only demonstrate "good cause."  *Pintos v.*
5  *Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-
6  dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the
7  underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).
8        Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment,
9  is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of
10  significant public events.'"  *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S.*
11  *Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).  Thus, a party seeking to seal a
12  judicial record attached to a dispositive motion or presented at trial must articulate "compelling
13  reasons" in favor of sealing.  *See id.* at 1178.  The Ninth Circuit has explained that "compelling
14  reasons" that justify sealing court records generally exist "when such 'court files might have become
15  a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
16  scandal, circulate libelous statements, or release trade secret."  *Id.* at 1179 (quoting *Nixon*, 435 U.S. at
17  598).  By contrast, "[t]he mere fact that the production of records may lead to a litigant's
18  embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
19  court to seal its records."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).
20        Even under the "good cause" standard of Rule 26(c), however, a party must make a
21  "particularized showing" with respect to any individual document in order to justify sealing the
22  relevant document.  *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court,*
23  *N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by
24  specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v.*
25  *Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

**II.    ANALYSIS**

27        In the present case, Plaintiff Ken Pochis ("Pochis") seeks to seal: (1) Exhibit A to the
28  Declaration of James R. Patterson, and (2) Exhibit A to the Declaration of Gene J. Stonebarger.  Both


1 exhibits reflect counsel's billing records, including hours worked, hourly rates (for attorney's at the
2 Stonebarger Law firm), and descriptions of the work performed.  In support of his sealing request,
3 Pochis' states that:

> The foregoing documents are Plaintiff Pochis' counsel's detailed billing records, detailing the time spent in prosecuting this action to date.  "Under Ninth Circuit authority, 'attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided.'" *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, 2013 U.S. Dist. LEXIS 26241, at *4 (N.D. Cal. Feb. 26, 2013) (citing *Real v. Cont'l Group, Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986).  The attached billing records reveal the litigation strategy used and the nature of the services provided in this action to date. Accordingly, to preserve the attorney-client privilege, the foregoing documents must be filed under seal.

10 ECF No. 155 at 2.

11 The Court is not persuaded that Pochis' counsel's billing records are sealable under either the
12 good cause or the compelling reason standard.  Pochis has not explained how Pochis' disclosure of
13 the hours expended by counsel and counsel's hourly rates is likely to reveal Pochis' litigation
14 strategy.  Indeed, the hourly rates for Pochis' attorneys are reflected in the Patterson and Stonebarger
15 Declarations, which Pochis is not seeking to seal.  Moreover, in *Travelers*, the case relied upon by
16 Pochis, the court refused to seal counsel's hourly rates and fee arrangement.  *See id.*, 11-3638-SC,
17 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013) (holding that "the number of hours billed, the
18 parties' fee arrangement, costs and total fees paid do not constitute privileged information").
19 Furthermore, with respect to Pochis' requests to seal the descriptions of the work performed, Pochis
20 has failed to identify with particularity which portions of the descriptions are likely to reveal
21 litigation strategy.  *See Kamakana*, 447 F.3d at 1180 (holding that, even under a "good cause"
22 standard, a party must make a "particularized showing" as to why information should be sealed).
23 The Court has reviewed counsel's descriptions, and none of these descriptions reveal confidential
24 litigation strategy.  *See, e.g.*, Patterson Decl., Ex. A at 7 ("Email from Friedman; confer re: class
25 representative enhancements; emails.").  Accordingly, the Court finds that Pochis has not articulated
26 a sufficient basis, under either the good cause or the compelling reason standard, for sealing Pochis'
27 counsel's billing records.

28 The Court therefore DENIES the Motion to Seal.  Moreover, because Pochis is unlikely to be

Case No.: 10-CV-01455-LHK and related case 11-CV-0721-LHK
ORDER DENYING MOTION TO SEAL

able to articulate a sufficient basis for sealing these billing records, this denial is with prejudice. By July 29, 2013, Pochis shall file un-redacted copies of: (1) Exhibit A to the Patterson Declaration, and (2) Exhibit A to the Stonebarger Declaration.

**IT IS SO ORDERED.**

Dated:  July 22, 2013

*Lucy H. Koh*
Hon. Lucy H. Koh
United States District Judge